JOURNAL ENTRY and OPINION
{¶ 1} This is a pro se action to recover judgment in double the amount of a security deposit pursuant to R.C. 5321.16. Plaintiff-appellant Donna Baltz appeals from the order of the Cleveland Municipal Court, Small Claims Division, that approved and entered judgment on the magistrate's report. Baltz thus obtained judgment on her complaint against her former landlord, the Cuyahoga Metropolitan Housing Authority ("CMHA") in the amount of $253, the amount of her security deposit, rather than double that amount.
 {¶ 2} In her sole assignment of error, Baltz asserts the trial court incorrectly adopted the findings and conclusions of the magistrate's report when it entered judgment. She claims the evidence presented at the hearing did not support those findings and conclusions.
 {¶ 3} The App.R. 9(A) record, however, cannot demonstrate her claim. Consequently, the trial court's order is affirmed, but this case is remanded for the trial court to determine whether CMHA has paid Baltz the judgment, with interest, as ordered.
 {¶ 4} The record reflects Baltz lived in a CMHA-owned apartment from May 2000 until April 30, 2004. She complied with all applicable requirements prior to moving out of her apartment.
 {¶ 5} On June 16, 2004, Baltz filed the instant action, claiming she never received the refund of her $253 security deposit. Pursuant to R.C.5321.16, Baltz sought a judgment for the amount of double that amount.
 {¶ 6} The record reflects the matter was set for hearing before a magistrate, which was held on August 11, 2004. After listening to the testimony and receiving the evidence, the magistrate issued Findings of Fact and Conclusions of Law.
 {¶ 7} The magistrate found that CMHA "proved that [it] refunded [Baltz's] security deposit on May 3, 2004 according to [its] business records * * * [but] the check was never cashed * * *." The magistrate concluded that Baltz was entitled to her security deposit amount, but "not to double damages since [CMHA] proved that [it] did return her entire security deposit within thirty days after her move-out to the address she gave," and, further, that it was "not [CMHA's] fault that the check never reached [Baltz]."
 {¶ 8} Subsequently, the trial court overruled Baltz's objections to the magistrate's report and entered judgment accordingly.
 {¶ 9} Baltz presents the following assignment of error:
 {¶ 10} "The trial court erred in the amount of monies owed to the Plaintiff for the security deposit of $253.00 plus interest from July 3, 2000 through April 30, 2004 as it was not returned within the thirty days as stated under the Ohio Landlord-Tenant Law, and, therefore, Plaintiff/Appellant had the right to sue for double the amount of the security deposit plus interest. Effective January 1, 2005 under the Ohio Revised Code #5703.47 the rate of interest is now 5%."
 {¶ 11} In addressing Baltz's assignment of error, this court is compelled to note that the record on appeal filed pursuant to App.R. 9(A) consists only of the pleadings and judgment entries filed below. Thus, although the record reflects the magistrate held a hearing on Baltz's complaint, no transcript of that hearing appears in the appellate record.
 {¶ 12} The magistrate set forth in the Findings of Fact the rationale for the damage award, based upon the evidence adduced at the hearing. J.Norman Stark Co., L.P.A. v. Dahl (Oct. 19, 2000), Cuyahoga App. No. 77857; Williams v. Cotton (May 26, 1994), Cuyahoga App. No. 66312.
 {¶ 13} Since the record submitted by Baltz, therefore, is inadequate to demonstrate that the magistrate's conclusions of law "were not sufficiently based upon the evidence presented at the hearing, the presumption of validity of the proceedings below mandates affirmance of the judgment of the trial court." Id. (Citations omitted.) See also, Hillv. Campbell's Automotive Serv., Inc. (Jan. 27, 1994), Cuyahoga App. No. 65757.
 {¶ 14} Baltz's assignment of error, accordingly, is overruled.
 {¶ 15} Nevertheless, at oral argument before this court, the attorney for CMHA admitted that as of September 8, 2005 Baltz still has not received the amount of her deposit. This court is troubled by the fact that this government agency has failed to refund the minor sum which remains due to a citizen of limited resources.
 {¶ 16} Therefore, although the trial court's order is affirmed, this case is remanded with instructions to the trial court to ensure Baltz receives the money due to her from CMHA.
It is ordered that appellee and appellant share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. Concurs.
 COONEY, J. concurs in part and dissents in part (See attachedconcurring and dissenting opinion)
 CONCURRING AND DISSENTING OPINION